JUSTO GARCÍA CORTÉS, Plaintiff and Appellee, *v.* SOL LUIS DESCARTES, SECRETARY OF THE TREASURY, Defendant and Appellant.

No. 11021.   Argued April 1, 1954.—Decided May 14, 1954.

J. B. Fernández Badillo, *Acting Attorney General,* and *Manuel J. Medina Aymat, Assistant Attorney General,* for appellant. *Juan A. Faría* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On May 12, 1950 the Treasurer of Puerto Rico, now Secretary of the Treasury, notified Justo García Cortés, plaintiff-appellee herein, of an income-tax deficiency for the years 1943 to 1947, inclusive, totalling $28,448.38. Feeling aggrieved by the latter deficiency, the taxpayer appealed to the Tax Court, now Superior Court. Among the items in dispute were several income items unaccounted for, to wit: 1943—$9,500; 1944—$9,633.09; 1946—$2,146.52; and 1947—$25,219.58.

After a hearing on the merits at which both parties offered oral and documentary evidence, the lower court rendered judgment sustaining the complaint as to all items specified in the preceding paragraph. The defendant took this appeal from that judgment.

■■ The first error assigned by appellant alleges that the lower court erred in holding "that according to the evidence offered by plaintiff-appellee, the latter had available for investment in 1943 the sum of $9,500, which was duly accounted for."

Plaintiff-appellee filed an income-tax return for the first time in 1934. He filed none in 1935 to 1937, and again filed returns in 1938 and subsequent years. During the period comprised in the years 1938 to 1943 inclusive the taxpayer received a net income of $19,622 from his grocery, furniture, and other businesses. On April 13, 1943, the taxpayer bought from Quintero Colón a lot and two buildings for the price of $9,500, which the purchaser paid in cash to the seller. This is the item considered by the Treasurer as income unaccounted for. However, if we deduct from that income the family expenses totalling. $11,000 for the five years in question, there is a balance of $8,662. The evidence believed by the lower court showed that the appellee lived economically and was thrifty.[1]

Since in the above figures we have not computed the years 1935, 1936 and 1937, it is not improper to conclude, as did the lower court, that the $9,500 item was duly accounted for by the taxpayer.

---

[1] In its findings of fact, the lower court stated as follows:

"Upon attaining the age of 37 years, he established a furniture store in Avenida Borinquen, Barrio Obrero, Santurce, in which he invested a capital of some $4,500. This investment did not accrue in its entirety from the savings up to 1938.

"He then moved with his family to a small house on 11th St. of Barrio Obrero, paying a rent $5 a month. That property belonged to the Government and he paid nothing for water consumption.

"In 1943 the family consisted of the wife and four children, the youngest being 12 and the oldest 17 years of age. By 1941 the latter was pursuing studies in high school.

"Plaintiff always endeavored to save in order to accumulate some money. He lived modestly. He testified that the family expenses were approximately $1,800 annually during 1939–42. In 1943 they went up to $2,000 annually. In the course of the cross-examination he testified that they spent about $12 a week in groceries in 1940–41. He bought cheap overalls and $2 shoes for his children."

We agree with appellant that it is a well-known legal principle that every tax assessment made by the Secretary of the Treasury of Puerto Rico is presumed to be correct, and this presumption may be overcome only by persuasive and authentic evidence. *Corporación Azucarera* v. *Tax Court*, 69 P.R.R. 189, 191, and cases therein cited; *Merten's Law of Federal Income Taxation*, Vol. 9, Sec. 49.180, p. 163. Although such evidence should be founded on concrete facts and not mere generalities, *Buscaglia, Treas.* v. *Tax Court*, 70 P.R.R. 384, yet the record in the instant case shows that the evidence presented by the taxpayer was more than mere generalities and sufficient, in our judgment, to overcome the presumption of correctness in favor of the assessment made by the Treasurer of the $9,500 item. The first error was not therefore committed.

Neither was the second error. Appellant contends that the lower court erred "in holding that plaintiff-appellee had available the sum of $2,146.52 to invest in 1946, and that he duly accounted for the source of this sum." In 1946 the taxpayer invested the sum of $9,320 in the construction of a second story on house No. 10, Avenida Borinquen, Barrio Obrero. According to the Treasurer's contention, the taxpayer failed to account for the source of the sum of $2,146.50 as part of the amount thus invested. The taxpayer's net income in that year was $8,907.08. If we deduct from this income the amount of $362.39 paid as income tax in the previous year and add $2,200 for family expenses, the amount available for investment would be $6,344.69. To this amount we may add the sum of $411.50 received by appellee in payment of a credit for the sale of furniture in Caguas; $1,557.67 "from the year 1944, according to the preceding computations (in connection with the deficiency notified for this year)"; and $900 from the proceeds of the sale of a house which was not included in said computations, which results in a total sum available for investment of $9,213.83. If we further

take into account the proceeds from the previous year's net income, we cannot agree that the total amount invested has not been duly accounted for, irrespective of three checks for $500 received that year by appellee from his "Mueblería Santurce".

The third error is as follows:

"The lower court erred in holding that plaintiff-appellee had available for investment in 1947 the sum of $25,219.58, and that he duly accounted for the source of that sum."

Appellant reached the conclusion that the appellee had failed to account for the income involved in this assignment by means of the following computation:

| | |
|---|---|
| "Taxable net income reported in plaintiff's return | $7, 301. 82 |
| "Income tax paid | $1, 206. 40 |
| "Difference | $6, 095. 42 |
| "Loan by Lillian Llenza | $15, 000. 00 |
| "Available for investment | $21, 095. 42 |
| "Invested in construction of 'Paraíso del Bebé' building | $46, 315. 00 |
| "Income received and unaccounted for | $25, 219. 58". |

In these computations the Treasurer incorrectly deducted the 1947 income tax from the reported net income, when the fact is that he should have deducted the previous year's income of $788.35 which was the amount paid in 1947. The result of the corresponding adjustment would be an income of $24,801.53 unaccounted for.[2]

There is uncontroverted evidence in the record sufficient to justify, as part of the income unaccounted for, the following items: $2,500 received by the taxpayer as selling price of "La Marina" grocery store, and $10,500 borrowed from the Banco de Ponce through the "Mueblería Santurce", or a

---

[2] Net income reported: $7,301.82 minus $788.35 equals $6,513.47 plus $15,000 equals $21,513.47. Deducting this sum from $46,315, which was invested in the building, the result would be an income of $24,801.53 unaccounted for.

total of $13,000. If this sum is deducted from the income unaccounted for, the difference would be $11,801.53 still unaccounted for.

The "Paraíso del Bebé" building was constructed by García y Cortés Construction Co., of which appellee Justo García Cortés was a partner. The other member of the partnership was Pedro J. Cortés, industrial partner. The "Mueblería Santurce", which also belonged to the appellee and operated under the name of "García Bleck y Cía.", since in this business appellee also had a partner, received in 1947 a loan of $10,500 from the Banco de Ponce. This sum was delivered to García Cortés, who invested it in the latter building. Since García Cortés was liable for the loan to the bank, the lower court committed no error in computing that item as part of the income unaccounted for. However, the situation is different as respects the other sum of $2,810 which the "Mueblería Santurce" loaned to García Cortés and which was considered by the lower court as part of the unaccounted-for income. García Cortés alleges that the "Mueblería Santurce" delivered to him the sum of $2,810 as a loan, in six checks, five of which were for $500 and the other for $310. Those checks were tendered on different dates in 1947, in the name of the "Mueblería Santurce", by García Cortés himself, to his order. However, according to García Cortés's testimony offered at the trial, he was under no obligation and did not pay those sums to "Mueblería Santurce", alleging that he had funds invested in that business. On the other hand, unlike the loan negotiated with the Banco de Ponce to which reference is made above, the record discloses no authentic evidence that the "Mueblería Santurce" borrowed that $2,810 from any bank or other institution, and that García Cortés was, consequently, liable for that loan. Therefore, the lower court erred in considering that item as part of the income not accounted for which we have included in the sum of $11,801.53.

476

The record further discloses that in 1947 the appellee gave to García y Cortés Construction Co., as a loan, the sum of $12,500. The taxpayer, appellee herein, again failed to present persuasive and authentic evidence to justify the source of that sum. *Corporación Azucarera* v. *Tax Court, supra,* and *Buscaglia, Treas.* v. *Tax Court, supra.* If this item is added to the other item of $11,801.53 which, as has been seen, also was not accounted for properly, the total is $24,301.53. The lower court erred in not holding that this total sum constitutes income unaccounted for.

The foregoing disposes of the fourth assignment made by appellant.[3]

The judgment appealed from will be modified so as to dismiss the complaint as to the $24,301.53 item, which should be considered as income unaccounted for for the year 1947, and, as thus modified, will be affirmed.

Mr. Justice Marrero did not participate herein.

---

[3] "Fourth Error: The lower court erred in holding that plaintiff-appellee overcame, by the evidence offered, the presumption of correctness in favor of defendant-appellant's assessments."